IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-76,058




EX PARTE CARLOS MENDOZA, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 1077076-A IN THE 228TH DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to 30 years’ imprisonment. The First Court of Appeals dismissed
his appeal because his notice of appeal was untimely filed. See Mendoza v. State, No. 01-07-00067-CR, (Tex App– Houston [First Dist.], 2007, no pet.) (not designated for publication). 
            Applicant contends that his counsel rendered ineffective assistance because she failed to
timely file a notice of appeal. On April 11, 2008, the trial court ordered counsel to file an affidavit
in response to Applicant’s habeas allegations. On July 1, 2008, trial counsel filed an affidavit in
response to the trial court’s order. Upon review of counsel’s affidavit, the trial court determined that
there were still fact issues to be resolved. On October 31, 2008, a habeas hearing was held
concerning the merits of Applicant’s claim. 
            On the basis of trial counsel’s testimony at the habeas hearing, the trial court found that trial
counsel failed to timely file a notice of appeal. We find, therefore, that Applicant is entitled to the
opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 1077076-A
from the 228th Judicial District Court of Harris County. Applicant is ordered returned to that time
at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain
a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the
date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute
an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30
days after the mandate of this Court issues.
 
Delivered: December 17, 2008
Do Not Publish